**E-FILED: 10/1/10**

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Forever 21, Inc., | CASE NO. CV 10-6311-GHK (SSx) |
|     Plaintiff, | |
|     v. | **Preliminary Injunction** |
| Top Top Clothing, Inc., et al., | |
|     Defendants. | |

    Pursuant to our September 30, 2010 Order, the Court hereby **GRANTS** Forever 21's Motion for Preliminary Injunction and **ORDERS** that Top Top Clothing, Inc., its officers, directors, agents, owners, servants, employees, representatives, attorneys, successor companies, related companies, and other persons or entities in active concert or participation with them, including Yossi Fashion, Top Top Jeans, and Everything $1 $2 $3, and PrimeTime Clothing, Inc., its officers, directors, agents, owners, servants, employees, representatives, attorneys, successor companies, related companies, and other persons or entities in active concert or participation with them, including Yossi Fashion,

Top Top Jeans, and Everything $1 $2 $3, are hereby enjoined pending resolution of this matter from:

  a. Importing, exporting, making, manufacturing, reproducing, assembling, using, acquiring, purchasing, offering, selling, transferring, brokering, consigning, distributing, shipping, licensing, developing, displaying, delivering, marketing, advertising or promoting any Forever 21 products identified in the Complaint and any other unauthorized Forever 21 products (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

  b. Importing, exporting, making, manufacturing, reproducing, assembling, using, acquiring, purchasing, offering, selling, transferring, brokering, consigning, distributing, shipping, licensing, developing, displaying, delivering, marketing, advertising or promoting the infringing and diluting products identified in the Complaint and any other products which bears any Forever 21 trademark or trade name including, but not limited to, any FOREVER 21 Mark at issue in this action and as identified in the Complaint.

  c. The unauthorized use, in any manner whatsoever, of any Forever 21 trademark or trade name including, but not limited to, the FOREVER 21 Marks at issue in this action, any variants, colorable imitations, translations and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

    (1) on or in conjunction with any product or service; and

    (2) on or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

  d. Importing, exporting, making, manufacturing, reproducing, assembling, using, acquiring, purchasing, offering, selling, transferring, brokering, consigning, distributing, shipping, licensing, developing, displaying, delivering, marketing, advertising or promoting products originally manufactured on behalf of Forever 21

that once bore any of the Forever 21 Marks, even if those marks have been blacked out, cut out, removed, or otherwise obliterated.

e. Using any trademark or trade name that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that unauthorized products imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, shipped, marketed, advertised and/or promoted by Defendants originate from Forever 21, or that said merchandise has been sponsored, approved, licensed by, or associated with Forever 21 or is, in some way, connected or affiliated with Forever 21.

f. Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendants themselves are connected with, or are in some way sponsored by or affiliated with Forever 21, purchases products from or otherwise have a business relationship with Forever 21.

g. Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Forever 21.

h. Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of the FOREVER 21 Marks identified in the Complaint; and/or

i. Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or

3

services bearing any FOREVER 21 Mark or which otherwise refer or relate to Forever 21 or any FOREVER 21 Mark.

j. If Defendants believe any products were specifically authorized for resale by Plaintiff, Defendants **SHALL** first present such evidence to the Court. The Court will determine whether any such products may be deemed excluded from this injunction.

**IT IS FURTHER ORDERED** that a bond or undertaking in the amount of $10,000 be posted with the Clerk of the Court to provide security for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained or enjoined. This injunction shall take effect upon the posting of such bond.

**IT IS SO ORDERED**.

DATED: October 1, 2010

_____
GEORGE H. KING
United States District Judge

4