Kathyleen A. O'Brien (SBN 94218)
kobrien@reedsmith.com
Rachel A. Rubin (SBN 263753)
rrubin@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA  90067
Telephone:  310.734.5200
Facsimile:   310.734.5299

Attorneys for Plaintiff
FOREVER 21, INC.

**FILED:  3/10/11**

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FOREVER 21, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> TOP TOP CLOTHING, INC., a California corporation, also doing business as YOSSI FASHION, TOP TOP JEANS, and EVERYTHING $1 $2 $3; PRIMETIME CLOTHING, INC., a California corporation, also doing business as YOSSI FASHION, TOP TOP JEANS, and EVERYTHING $1 $2 $3; DOES 1-10, inclusive, <br><br> Defendants. | Case No.: CV10 6311-GHK (SSx) <br><br> **STIPULATED FINAL JUDGMENT FOR ISSUANCE OF PERMANENT INJUNCTION** |

The Court, having considered all papers and pleadings on file in this action, including the parties' Stipulation for Re Settlement of Action and For Entry of Final Judgment of Permanent Injunction and [Proposed] Order Thereon, and having determined that the parties have stipulated to the entry of final judgment, and as to these stipulating parties:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. Defendant Top Top Clothing, Inc., also doing business as Yossi Fashion, Top Top Jeans and Everything $1 $2 $3, and all of its agents, employees, officers, representatives and all other persons and/or entities acting in concert or participation with Top Top Clothing, Inc. or at Top Top Clothing, Inc.'s direction, including, but not limited to (a) all persons associated with any wholesale or retail outlet in any form (brick and mortar, internet, etc.) in which Top Top and/or its President, Yosef Dangor, have any ownership interest; (b) all persons associated with any wholesale or retail outlet which is under the management or control of Top Top and/or its President, Yosef Dangor; and (c) all such wholesale and retail outlets, and each of them (hereinafter, individually and collectively, "Top Top"), are permanently enjoined from ever doing, attempting, or causing to be done, whether directly or indirectly, by any means, method, or device whatsoever, any of the following:

    a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of any Forever 21 product, including, but not limited to, any Forever 21 clothing, unless such action is first authorized in

writing by an officer, director or managing agent of Forever 21, Inc.;

b. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of any product which infringes any Forever 21 copyright, any variants thereof and any designs that are substantially similar thereto;

c. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of any product which infringes any Forever 21 trademark and/or trade name including, but not limited to, the Forever 21 trademarks identified in **Exhibit 1** hereto, any non-genuine reproduction, counterfeit, copy, variant, colorable imitation, translation and/or simulation thereof, and/or any trademarks that are likely to be confusingly similar thereto;

d. The unauthorized use, in any manner whatsoever, of any Forever 21 trademark and/or trade name including, but not limited to, the Forever 21 trademarks identified in **Exhibit 1**, and/or any non-genuine reproduction, counterfeit, copy, variant, colorable imitation, translation and/or simulation thereof and/or use of any

STIPULATED FINAL JUDGMENT FOR ISSUANCE OF PERMANENT INJUNCTION

trademarks that are likely to be confusingly similar thereto, including specifically as follows:

(i) on or in conjunction with any unauthorized service or product including, but not limited to, any Forever 21 clothing; and

(ii) in, on or in conjunction with any unauthorized advertising, promotional materials, labels, hangtags, packaging, containers, websites or internet materials.

e. The import, export, making, manufacture, reproduction, assembly, acquisition, purchase, use, offer, sale, transfer, brokering, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of any products originally manufactured on behalf of Forever 21 that once bore any of the Forever 21 Marks, even if those marks have been blacked out, cut out removed, or otherwise obliterated, unless (1) such activities have been first approved in writing by Forever 21 on its standard approval forms in conformity with its then current standard approval procedures; or (2) such activities have been authorized by Forever 21 pursuant to a written authorized reseller agreement between Forever 21 and Top Top signed by an officer, director or managing agent of each company.

f. Using any trademark or trade name that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customer, or members of the public to believe that unauthorized products

imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, shipped, marketed, advertised and/or promoted by Defendants originate from Forever 21, or that said merchandise has been sponsored, approved, licensed by, or associated with Forever 21 or is, in some way, connected or affiliated with Forever 21.

g. Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendants themselves are connected with, or are in some way sponsored by or affiliated with Forever 21, purchases products from or otherwise have a business relationship with Forever 21.

2. If Top Top, or any of its agents, employees, officers, representatives or other persons acting in concert or participation with them, or at Top Top's direction, breach any of the terms of this Stipulated Final Judgment for Entry of Permanent Injunction (the "Stipulated Permanent Injunction"), Forever 21 shall have the right to recover sanctions against Top Top including, but not limited to, sanctions for contempt of court.

3. If Forever 21 so elects, in lieu of recovering compensatory damages from Top Top for breach of this Stipulated Final Judgment, it shall recover from the Top Top (but not from Josef Dangor in his individual capacity) liquidated damages in the amount to be determined by the Court) for each incident or occurrence which constitutes a breach of this Stipulated Final Judgment. For purposes of this Stipulated Final Judgment, among other things, use by or on behalf of Top Top of any of the

Forever 21 trademarks identified in **Exhibit 1** hereto of this Agreement or any written updates to that exhibit provided to Top Top by Forever 21 including, but not limited to, each purchase or sale of any product containing any such trademark shall constitute a separate incident or occurrence.

4. The prevailing party shall recover attorneys' fees and costs incurred in any proceeding to enforce this Stipulated Final Judgment and/or in any proceeding seeking any remedy based upon the alleged failure of Top Top to comply herewith.

5. This is a Final Judgment and is enforceable upon entry. The parties have waived findings of fact, conclusions of law, a statement of decision, and any right to set aside this Judgment, appeal herefrom, seek a new trial, or otherwise contest the validity of this Judgment in any way whatsoever.

6. Service on counsel for Top Top or any then current member, manager or officer of Top Top of a copy of this Judgment shall constitute notice to Top Top.

Dated: March 10 , 2011

_____
HONORABLE GEORGE H. KING
UNITED STATES DISTRICT COURT JUDGE

Presented by:

REED SMITH LLP

By_____
   Kathyleen A. O'Brien
   Attorneys for Plaintiff
   FOREVER 21, INC.

# EXHIBIT 1

**EXHIBIT 1**
**SCHEDULE OF TRADEMARKS**

| **Registered Trademarks** | **Reg. No.** | **Reg. Date** |
|---|---|---|
| FOREVER 21 | 2,583,457 | June 18, 2002 |
| FOREVER 21 | 2,836,546 | April 27, 2004 |
| FOREVER 21 | 2,913,132 | December 21, 2004 |
| FOREVER 21 | 2,067,637 | June 3, 1997 |
| XXI | 2,873,174 | August 17, 2004 |
| XXI | 2,914,810 | December 28, 2004 |
| XXI | 2,842,184 | May 18, 2004 |
| HERITAGE 1981 | 3,447,097 | June 10, 2008 |
| FORLOVE21 | 3,140,565 | September 5, 2006 |
| FORLOVE21 | 3,140,561 | September 5, 2006 |
| LOVE & BEAUTY | 3,794,963 | May 25, 2010 |
| LOVE 21 | 3,775,903 | April 13, 2010 |
| TWELVE BY TWELVE | 3,518,050 | October 14, 2008 |
| FOREVER STATIONERY | 3,689,946 | September 29, 2009 |
| FOREVER XXI | 2,889,536 | September 28, 2004 |
| FOREVER XXI | 2,940,346 | April 12, 2005 |
| FASHION 21 | 2,848,238 | June 1, 2004 |

**Common Law Trademarks**

TWENTY ONE and Bird Design

XXI and Bird Design

21

**Common Law Trademarks**

I ♥ H81

F21

HTG81

FAITH 21

I LOVE H81

2.1 DENIM

LIFE IN PROGRESS

JOY21

PEACE 21

21 MEN

TWENTYONE MEN

SOPHIE & ME

CEREAL

EXHIBIT 1 – Page 2 of 2

US_ACTIVE-105706001.1